# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DAVID TIFFANY,

        Petitioner,               3:11-cv-00806-LRH-WGC

vs.

                                       ORDER

ROBERT LEGRAND,

       Respondent.

       Petitioner David Tiffany has paid the filing fee as required by the Court's previous order. Petitioner has submitted a Motion to Permission to Exceed Grounds and Page Limit, and a Motion for Stay and Abeyance along with his Protective Petition for Writ of Habeas Corpus.

       The motion for permission to exceed the grounds and page limits is appropriate where the proposed "protective" petition runs to nearly two hundred pages, raising twenty-eight grounds for relief. However, based on the following discussion the motion shall be denied.

       Petitioner admits in the body of the petition that his state post-conviction proceedings have not been completed, with the petition having been filed in the state district court on November 17, 2011. Petitioner, p. 1, Item 4. He claims that the grounds raised in that petition have been presented to the Nevada Supreme Court, but indicates that the date the appeal was decided is not yet determined. *Id*. Taking petitioner at his word, while it may be that the claims have all been raised to the Nevada Supreme Court, it is apparent, particularly in light of the Motion for Stay and Abeyance, that the state court proceedings have not been concluded.

       Exhaustion of state remedies is a prerequisite to a federal court's consideration of a petition for a writ of habeas corpus. 28 U.S.C. §2254(b). The exhaustion doctrine is based on the policy of federal-

state comity, and is designed to give state courts the initial opportunity to correct alleged constitutional deprivations. *See Picard v. Conner*, 404 U.S. 270, 275 (1971). The grounds in this petition are not exhausted.

Petitioner relies on the appellant's arguments in *Pace v. DiGuglielmo,* 544 U.S. 408, 125 S.Ct. 1807 (2005) to support his motion for stay and abeyance, arguing that the instant protective petition is necessary to "preclude the state from utilizing their usual dilatory liberties" in order to render the federal petition time-barred. Petitioner's contentions are bald and he offers nothing to demonstrate that the state has actually engaged in dilatory "liberties" in his or any other case. Petitioner is also mistaken in his analysis of the *Pace* decision, which actually stands for the proposition that a petitioner who is <u>reasonably confused</u> about whether his <u>state</u> filing would be timely filed, may rely on that reasonable confusion as good cause for his failure to exhaust state remedies. *Id.* at 416 (emphasis added). In this instance there is no confusion as to whether or not the state petition was timely filed - at least none expressed by petitioner. Furthermore, petitioner has previously attempted to avoid allowing the state courts to adjudicate his claims by bringing a premature petition to this Court. *See* 3:08-cv-539-LRH-RAM. Petitioner was advised in that case that his petition was premature and that he must await the conclusion of state court proceedings. *Id.* docket # 13. Neither the circumstances surrounding petitioner's state court proceedings, nor the law has changed since the dismissal of his previous petition. Therefore, the protective petition for writ of habeas corpus shall not be filed. The motions shall be denied and the action closed.

**IT IS THEREFORE ORDERED** that the Clerk shall detach and file the Motion for Permission to Exceed Grounds and Pages and the Motion for Stay and Abeyance (ECF Nos. 1-1 and 1-3).

**IT IS FURTHER ORDERED** that the motions are **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

Dated, this 1st day of March, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE